### NUSSBAUM & COMPANY *et al. vs.* PRICE *et al.*

1. Where a bill was filed by certain creditors, alleging that their debtor was insolvent and that certain other creditors had obtained from him an assignment or bill of sale of his property, which was attacked as fraudulent and void, and a receiver was prayed for, it was error, on the hearing of the application for the appointment of a receiver at chambers, to appoint a receiver for the benefit of the creditors who held the assignment or bill of sale attacked as fraudulent, with instructions to collect and turn over the assets to them. The necessity of a receiver, if any, was to hold the fund to await the result of the litigation.

2. On such a hearing at chambers, it was error to order that an attachment, which had been taken out by other creditors under §3297 of the code, should be brought into the litigation and merged in and tried with the bill, retaining all liens it then had on the property of the debtor outside of the bill of sale. This matter was not brought into the litigation by the bill, and the attaching creditors, being parties, could be heard at the proper time.

March 2, 1888.

Debtor and creditor. Insolvency. Fraud. Assignments. Sales. Receivers. Attachments. Before Judge BOWER. Calhoun county. At chambers, December 22, 1887.

Price made his assignment for creditors on December 1st, 1887. On the next day, McCormick & Richardson, who with others had been made grantees in the assignment, petitioned for an attachment, attacking the assignment as fraudulent and refusing to become parties thereto. Four days later, Nussbaum & Co. *et al.*, other creditors of Price not mentioned in his assignment, filed their bill against him and the creditors for whose benefit he made

the conveyance.   Upon the hearing of this bill, the court rendered the following judgment:

"It is ordered that the attachment of McCormick & Richardson be merged in and tried with above stated bill, retaining all liens it now has on the property outside the bill of sale. It is further ordered that the injunction and receiver prayed for be refused; but it is ordered that J. J. Beck, Esq., one of the counsel for defendant, be appointed receiver to collect up and convert into cash, and pay out the assets set out in said bill of sale, or any assets of W. H. Price not in said bill of sale, and pay the same out to the creditors therein named, the amount due each, until their claims are satisfied; . . . . and should there be a surplus, hold the same subject to the order of this court  . . ."

Thomas & W. B. Willingham and J. H. Lumpkin, for plaintiffs.

D. H. Pope, R. Hobbs, J. J. Beck, L. G. Cartledge, H. D. Clayton, Jr., and M. R. Freeman, for defendants.

Blandford, Justice.

Nussbaum and Co., creditors of Price, filed their bill for injunction and receiver against Price and against certain other creditors of Price; alleging that Price was insolvent, and that these creditors, the defendants, had obtained from him an assignment or bill of sale to them, which the complainants alleged was fraudulent and void.   The court, at chambers and in vacation, appointed a receiver, but decreed that the assets of Price, when turned over to this receiver, be paid to the creditors who held the assignment or bill of sale.

1. The complainants went into equity for the purpose of setting aside this assignment or bill of sale, and in view of this asked the appointment of a receiver; but the adjudication of the court was, that while he would appoint a receiver, the receiver would be appointed for the benefit of the creditors who held this alleged fraudulent assignment or bill of sale, to collect and turn over the assets to them.   We think this was error.   Under the court's con-

struction of the case made by the bill, as appears from the decree, he should not have appointed a receiver at all. The necessity of a receiver, if there was any, was to hold this fund to await the result of the litigation between Nussbaum & Co. and the other creditors who held this assignment or bill of sale; and it was error to appoint a receiver for the purpose of paying over the fund to these creditors.

2. The court furthermore decreed that McCormick & Richardson, certain attachment creditors, whom the complainants had made defendants to the bill, and who had sued out an attachment under the fraudulent debtor's law, §3297 of the code, should have their attachment brought into this litigation and merged in and tried with this bill, retaining all liens it then had on the property outside of the bill of sale. In this we think the court erred also. We do not see what the court, in this case, had to do with that matter, and we do not understand why the judge should have intervened in this summary manner, at chambers and in vacation, and injected that matter into the case. It had not been brought into it by the bill. There was no necessity for the court to make these attachment creditors parties to the bill, for the complainants had already done that; and it made no difference whether they were in the case as complainants or defendants; they were before the court and could be heard at the proper time. Upon this ground, therefore, and upon the further ground, already stated, that the court erred in appointing a receiver to pay over the assets to these creditors who held the assignment or bill of sale, the judgment of the court below is reversed.